# *Exhibit 10*

**E-Filed 10/23/09**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re DITECH NETWORKS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | No. C-06-05157-JF<br><br>~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the proposed settlement of the above-captioned shareholder derivative action and the related derivative action pending in the Superior Court of the State of California, County of Santa Clara, entitled *Zhu v. Montgomery, et al.*, No. 1:06-CV-075695, in accordance with the Stipulation and Agreement of Settlement dated September 29, 2009 ("Stipulation") and the exhibits thereto, and (ii) approving for distribution of the Notice of Settlement;

WHEREAS, the Stipulation sets forth the terms and conditions for the settlement, including but not limited to: (i) a proposed settlement and dismissal of the Actions with prejudice as to the Released Persons; and (ii) an award of attorneys' fees and expenses to Plaintiffs' counsel in the Actions, upon the terms and conditions set forth in the Stipulation;

WHEREAS, the settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation; and

WHEREAS, the Federal Court, having considered the Stipulation and the exhibits annexed thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing:

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Federal Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein, including the terms and conditions for: (i) a proposed settlement and dismissal of the Actions with prejudice as to the Defendants; and (ii) an award of attorneys' fees and expenses to Plaintiffs' counsel in the Actions.

2. The Settlement Hearing shall be held before the Federal Court on January 8, 2010, at 9:00 a.m., at the United States District Court for the Northern District of California, 2112 Robert F. Peckham Federal Building and United States Courthouse, 280 South First Street, San Jose, CA 95113, to determine whether: (i) the terms and conditions of the settlement provided for in the Stipulation are fair, reasonable, and adequate; (ii) an order and judgment as

provided in Exhibit A to the Stipulation should be entered herein; and (iii) to award attorneys' fees and expenses to Plaintiffs' counsel.

3. The Federal Court approves, as to form and content, the Notice attached as Exhibit B-1 to the Stipulation, and finds that the distribution and publication of the Notice substantially in the manner and form set forth in ¶3.2 of the Stipulation, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of all matters relating to the settlement.

4. Not later than ten (10) days following entry of this Order, Ditech shall cause the Notice substantially in the form annexed as Exhibit B-1 hereto to be issued in a press release, published in *Investor's Business Daily*, and posted on the Company's website.

5. Not later than ten (10) days following entry of this Order, Ditech shall cause a copy of the Stipulation to be filed with the Securities and Exchange Commission via a Form 8-K.

6. All costs incurred in the filing and publication of the Notice shall be paid by Ditech and Ditech shall undertake all administrative responsibility for the filing and publication of the Notice.

7. At least fourteen (14) days prior to the Settlement Hearing, Ditech's counsel shall serve on Lead Counsel and file with the Federal Court proof, by affidavit or declaration, of such filing and publication of the Notice.

8. All Current Ditech Stockholders shall be bound by all orders, determinations, and judgments in the Federal Derivative Action concerning the settlement, whether favorable or unfavorable to Current Ditech Stockholders.

9. Pending final determination of whether the settlement should be approved, no Current Ditech Stockholder shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. All papers in support of the settlement and the award of attorneys' fees and expenses shall be filed with the Federal Court and served at least seven (7) calendar days prior to the Settlement Hearing.

11. Any current record holder and beneficial owner of common stock of Ditech as of September 29, 2009 may appear and show cause, if he, she or it has any reason why the terms of the settlement should not be approved as fair, reasonable, and adequate, or why a Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Federal Court, no Current Ditech Stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, at least fourteen (14) days prior to the Settlement Hearing, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by First-Class Mail) appropriate proof of stock ownership, along with written objections, including the basis therefore, and copies of any papers and briefs in support thereof:

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
ERIC L. ZAGAR
280 King of Prussia Road
Radnor, PA 19087

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

Co-Lead Counsel for plaintiffs
in the Federal Derivative Action

ROBBINS UMEDA LLP
MARC M. UMEDA
600 B Street, Suite 1900
San Diego, CA 92101

Counsel for plaintiff Peter Zhu
in the State Derivative Action

MORRISON & FOERSTER, LLP
EUGENE ILLOVSKY
755 Page Mill Road
Palo Alto, CA 94304-1018

Counsel for the Individual Defendants and
nominal defendant, Ditech

The written objections and copies of any papers and briefs in support thereof to be filed in Federal Court shall be delivered by hand or sent by First-Class Mail to:

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION
280 South First Street
San Jose, CA 95113

Any Current Ditech Stockholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement as incorporated in the Stipulation and to the award of attorneys' fees and expenses to Plaintiffs' counsel, unless otherwise ordered by the Federal Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

12. Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is, or may be deemed to be, or may be offered, attempted to be offered, or used in any way by the Settling Parties as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Federal Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Current Ditech Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Federal Court may approve the settlement, with such modifications as may be

agreed to by the Settling Parties, if appropriate, without further notice to the Current Ditech Stockholders.

IT IS SO ORDERED.

DATED: October 23, 2009

THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
JOHN K. GRANT
CHRISTOPHER M. WOOD
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III
JEFFREY D. LIGHT
BENNY C. GOODMAN III

JEFFREY D. LIGHT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
ERIC L. ZAGAR
ROBIN WINCHESTER
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

Co-Lead Counsel for Plaintiffs

ROBBINS UMEDA LLP
BRIAN J. ROBBINS
MARC M. UMEDA
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

Counsel for Plaintiff Peter Zhu in the State Derivative Action

S:\Settlement\Ditech Networks Deriv.set\(v2) EB-00060180.doc